Filed 3/25/14  P. v. White CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B248505 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA116183) |
| v. | |
| BOBBY JAMES WHITE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Dismissed in part; affirmed in part.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Bobby James White appeals from the judgment entered following his conviction pursuant to a no contest plea to two counts of robbery. (Pen. Code, § 211.)[1] Appellant also admitted to a gang allegation (§ 186.22, subd. (b)(1)(C)) and an allegation of personal use of a firearm (§ 12022.5, subd. (a)). Appellant challenges his 20-year sentence, arguing that the 10-year enhancement that was imposed pursuant to the gang allegation was not supported by the evidence. However, appellant did not obtain a certificate of probable cause and therefore cannot challenge his sentence, which was part of the negotiated plea agreement. (See § 1237.5;[2] *People v. Johnson* (2009) 47 Cal.4th 668, 678 (*Johnson*) ["Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement. [Citations.]"]; *People v. Panizzon* (1996) 13 Cal.4th 68, 78 [holding that the certificate requirement applies where the sentence was "part and parcel of the plea agreement he negotiated with the People"].) We therefore dismiss the appeal as to his challenge to his sentence and affirm in all other respects.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    Section 1237.5 provides as follows: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

2

## FACTUAL AND PROCEDURAL BACKGROUND[3]

On July 23, 2010, around 2:00 p.m., Hema Vijaykumar was working at the Highglow jewelry store in the City of Artesia. As she was exiting the store for a lunch break, appellant and three other men got out of a car, pointed a gun at her, motioned her back into the store, entered the store, and began taking jewelry.

A passing driver saw the men get out of the car with guns before they entered the jewelry store. She called the police and later identified the men to the police.

After appellant and the other men left the jewelry store, law enforcement officers pursued their car and placed them under arrest after their car crashed. The officers recovered jewelry from the car, and the victim identified the jewelry.

Detective Anthony Valenzuela testified that the video from the jewelry store showed one of the suspects wearing a black hat with an emblem on it. A black Toronto Bluejays hat was recovered at the car. Detective Valenzuela testified that a hat like that is "specific to the gang known as the PJ Watts Crips."

Detective Francis Coughlin of the gang suppression unit testified that the PJ Watts Crips affiliated themselves with the Toronto Bluejays. Detective Coughlin opined that appellant was a member of the gang based on field identification cards indicating that White had a gang moniker and was associated with gang members in 2007 and 2008. Detective Coughlin further opined that the crime was committed for the benefit of a gang.

Appellant and three codefendants were charged in an amended information with five counts of second degree robbery. The information further alleged that a principal personally used a firearm (§ 12022.53, subds. (b), (e)(1)) and was armed

---

[3] The facts are taken from the preliminary hearing transcript.

3

with a firearm (§ 12022, subd. (a)(1)), that the offense was committed for the benefit of a gang (§ 186.22, subd. (b)(1)(C)), and that appellant personally used a firearm (§ 12022.5, subd. (a)).  Appellant pled not guilty to all the charges and denied the allegations.

Appellant made a *Marsden* motion, seeking to replace his counsel, complaining that his attorney did not visit him or answer his telephone calls. (*People v. Marsden* (1970) 2 Cal.3d 118.)  The court explained to appellant that defense counsel was very experienced, but that the evidence against him was very strong, and the plea offer from the People was good in light of the 50-year exposure he faced.  The court thus denied the *Marsden* motion.

Appellant entered into a plea agreement pursuant to which he pled no contest to two of the robbery counts and admitted to the gang allegation (§ 186.22, subd. (b)(1)(C)) and the allegation that he personally used a firearm (§ 12022.5, subd. (a)).  The agreement provided for a term of 20 years in state prison.

The court warned appellant of the consequences of the plea and advised him of his rights to a jury trial, to confrontation, and against self-incrimination. Appellant waived his rights, withdrew his not guilty pleas, entered no contest pleas to two counts of second degree robbery, and admitted the firearm and gang allegations.  The court found that appellant "expressly, knowingly, understandingly and intelligently" waived his constitutional rights and that the plea was free and voluntary, and therefore accepted the no contest plea and the admission to the allegations.

The court sentenced appellant to the upper term of 5 years as to count 2, plus 10 years for the gang allegation and four years for the firearm allegation, and one-third the midterm of three years as to count 3, for a total of 20 years.  The

4

remaining counts and allegations were dismissed pursuant to the plea agreement. Appellant's request for a certificate of probable cause was denied.

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

On October 17, 2013, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. On December 4, 2013, appellant filed a supplemental brief, raising several contentions: the gang allegation was not proven; his attorney failed to "fight" the allegation; the trial court denied his request for new counsel; and his 20-year sentence constitutes cruel and unusual punishment because he had no prior felony convictions and one misdemeanor conviction.

## DISCUSSION

As stated above, a certificate of probable cause is required for an appeal challenging the validity of a plea. (*People v. Brown* (2010) 181 Cal.App.4th 356, 359.) "When the issue on appeal challenges the defendant's sentence following a guilty plea or plea of nolo contendre, the determining factor in deciding whether the issue arose before entry of the plea such that a certificate of probable cause is required is whether the plea agreement specifies a particular sentence or whether it specifies a sentence range." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 651 (*Vargas*).)

Appellant's challenge to the length of his sentence is based on his argument that the gang enhancement was not proven. "The same restrictions on appellate issues apply after a no contest plea [citations] and the admission of an

5

enhancement [citation]." (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364 (*Voit*).)**4**

The plea agreement here specified a particular sentence of 20 years. (*Vargas*, *supra*, 148 Cal.App.4th at p. 651.) "[A]n agreed-upon aspect of the sentence cannot be challenged without undermining the plea agreement itself." (*Johnson, supra,* 47 Cal.4th at p. 678.) Appellant therefore may not challenge his sentence. The appropriate remedy accordingly is to dismiss the appeal as to his challenge to his sentence. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [explaining that the appellate court "generally may not proceed to the merits of the appeal, but must order dismissal thereof" where the defendant has not obtained a certificate of probable cause].)

Appellant argues that his attorney was ineffective for failing to adequately "fight" the gang allegation. Appellant's argument does not relate to "'proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed,'" but instead pertains to the validity of his plea. (*People v. Richardson* (2007) 156 Cal.App.4th 574, 596.) His ineffective assistance claim accordingly cannot be raised on appeal. (*See id.* at pp. 596-597

---

**4**      *Voit* relied on *People v. Lobaugh* (1987) 188 Cal.App.3d 780 (*Lobaugh*) to hold that the admission of an enhancement was not cognizable on appeal after a no contest plea. (*Voit*, *supra*, 200 Cal.App.4th at p. 1364.) *Lobaugh*'s analysis was criticized by the California Supreme Court in *People v. Maultsby* (2012) 53 Cal.4th 296, 302-303 (*Maultsby*). However, *Maultsby* also distinguished *Lobaugh* on the basis that the defendant in *Lobaugh* pled guilty to the substantive charge, whereas the *Maultsby* defendant was convicted by jury of the substantive offense and admitted only to an enhancement allegation. (*Id.* at pp. 298, 302.) Thus, *Lobaugh*'s holding that a certificate of probable cause is required to challenge an enhancement allegation where a defendant enters a guilty or no contest plea to the substantive charge remains good law because the guilty or no contest plea "alone triggers section 1237.5's requirement that a defendant obtain a certificate of probable cause." (*Id.* at p. 302.)

6

[pre-plea ineffective assistance of counsel claim cannot be raised without certificate of probable cause].)

"Under some circumstances, ineffective assistance of counsel can be a constitutional question going to the legality of the proceedings. [Citation.]" (*People v. Marlin* (2004) 124 Cal.App.4th 559, 567.) However, even if appellant's claim is cognizable on appeal, our courts have "'repeatedly emphasized that a claim of ineffective assistance is more appropriately decided in a habeas corpus proceeding.' [Citations.]" (*People v. Jones* (2003) 30 Cal.4th 1084, 1105.) Thus, "'"[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citation.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

The record on appeal sheds no light on why counsel acted or failed to act in the manner challenged. In fact, the record indicates that defense counsel vigorously challenged the gang allegation. Defense counsel objected to Detective Coughlin's reliance on statements ascribed to appellant in field identification cards, objected to the People's hypothetical, and cross-examined Detective Coughlin in detail about the circumstances alleged in the field identification cards. We therefore reject appellant's claim of ineffective assistance.

Appellant also challenges the trial court's denial of his *Marsden* motion. In *Lobaugh*, *supra*, the court concluded that the defendant, who did not obtain a certificate of probable cause, was precluded from raising a pre-plea *Marsden* issue on appeal. (*Lobaugh*, *supra*, 188 Cal.App.3d at p. 786; *People v. Lovings* (2004) 118 Cal.App.4th 1305, 1312 [finding that the appellant's guilty plea precluded him

7

from raising a pre-plea *Marsden* claim, despite having obtained a certificate of probable cause].)

Even if appellant's challenge to the denial of his *Marsden* motion is cognizable on appeal, the trial court did not abuse its discretion in denying his motion. "'[W]hen the defendant in some manner moves to discharge his current counsel' [citation], . . . 'the trial court must afford the defendant an opportunity to express the specific reasons why he believes he is not being adequately represented by his current counsel.' [Citation.] After hearing from the defendant, a trial court is within its discretion in denying the motion unless the defendant establishes substantial impairment of his right to counsel. [Citation.] On appeal we review the denial for an abuse of discretion. [Citation.]" (*People v. Vera* (2004) 122 Cal.App.4th 970, 979.)

The trial court here afforded appellant the opportunity to express the specific reasons he believed he was not being adequately represented. Appellant did not establish substantial impairment of his right to counsel. The court did not abuse its discretion in denying the *Marsden* motion.

The minute order and abstract of judgment differ slightly from the court's oral pronouncement as to the fines and fees only. The court ordered appellant "to pay $280 to the victim restitution fund, a $40 court operations assessment fee, a $30 criminal conviction fee, and a $10 crime prevention fee." The court imposed and stayed a $280 parole revocation fine.

In addition to the $280 victim restitution fine and the $280 parole revocation fine, the minute order and abstract of judgment indicate the imposition of a $38 fine pursuant to section 1202.5, an $80 court operations assessment, and a $60 conviction assessment. The court operations assessment and criminal conviction assessment are to be imposed per conviction. (§ 1465.8, subd. (a)(1)); Gov. Code,

8

§ 70373, subd. (a)(1)).  Appellant suffered two convictions.  These fees are mandatory.  (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.)  The minute order and abstract of judgment therefore correctly indicate a court operations assessment fee of $80 and a criminal conviction assessment of $60.

Section 1202.5 provides, in pertinent part, that a defendant convicted under section 211 shall pay "a fine of ten dollars ($10) in addition to any other penalty or fine imposed."  The $10 fine is subject to additional assessments, penalties, and a surcharge.  (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528 (*Castellanos*).)  The minute order and abstract of judgment correctly note that the additional charges result in a total assessment of $38.[5]  (See *id.* at pp. 1528-1530 [discussing the additional charges].)

"We realize the general rule is that the oral pronouncements of the court are presumed correct.  [Citation.]  Nonetheless, under these circumstances, we will deem the minute order and the abstract of judgment to prevail over the reporter's transcript.  [Citations.]  When the record is in conflict and cannot be harmonized, "'. . . that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence . . . .'"  [Citation.]"  (*People v. Thompson* (2009) 180 Cal.App.4th 974, 978.)  To the extent that the reporter's transcript differs from the minute order and abstract of judgment, it is "of no effect."  (*Ibid.*)

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate

---

[5]     One of the penalties discussed in *Castellanos* is a $1 deoxyribonucleic acid state-only penalty required by Government Code section 76104.7, subdivision (a). (*Castellanos*, *supra*, 175 Cal.App.4th at pp. 1529-1530.)  Pertinent to this appeal, this penalty was increased to $3, effective June 10, 2010.  (Stats. 2009-2010, 8th Ex.Sess., ch. 3, § 1.)  The total assessment therefore is $38.

review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

### DISPOSITION

Appellant's challenge to his sentence, which was part of his negotiated plea, is dismissed.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




EDMON, J.*


---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.