Filed 5/28/15  P. v. Kelley CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C077107 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-128429) |
| v. | |
| JOHN ALAN KELLEY, | |
| Defendant and Appellant. | |

Defendant John Alan Kelley pleaded no contest to possession of child pornography and admitted one prior strike and two prior prison terms.  He was sentenced to six years in state prison.  He obtained a certificate of probable cause and appeals.  We provide the following brief summary of the facts and procedural background.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On February 23, 2014, defendant was discovered printing photographs of mostly underage females at a self-service photo booth in a Target store in Auburn.  Defendant had printed 51 photographs.  The subjects in the pictures ranged from about eight years

1

old to an adult woman. They were naked in some of the photographs. In only a small number of the photographs was it not clear that the subjects were minors; many of them were of prepubescent girls displayed in a very sexually suggestive manner.

Defendant was on parole and a registered sex offender. After being given his *Miranda*[1] warnings, defendant said he downloaded the images onto a thumb drive from a computer at the Auburn public library. He admitted printing the photographs and knowing it was wrong to possess them.

Defendant was charged with possession of child pornography after having suffered a prior conviction for a sex offense (Pen. Code, § 311.11, subd. (b))[2] with allegations of two strikes (§ 1170.12, subds. (a)-(d)) and three prior prison terms (§ 667.5, subd. (b)). Defendant pleaded no contest to the charged offense and admitted one strike and two prior prison terms; the remaining allegations were dismissed under the plea agreement. The trial court imposed a stipulated term of six years in state prison, ordered various fines and fees, and awarded 260 days of presentence credit (130 actual and 130 conduct).

Defendant obtained a certificate of probable cause (§ 1237.5, subd. (b)) and appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental petition raising four issues. First, he asserts his plea was improperly induced because he was insecure to go to trial because his trial

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].
[2] Undesignated statutory references are to the Penal Code.

counsel was ineffective at the preliminary hearing. His argument is not supported by any references to the record or legal argument and is therefore forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

Second, defendant claims there is an insufficient factual basis to support his plea, thus rendering his plea involuntary. According to defendant, the photographs were works of "lauded American photographers" that have previously been found not to be pornographic in other cases.

Before accepting a guilty or no contest plea pursuant to a plea agreement in a felony case, the trial court is required to make inquiry to establish that there is a factual basis for the plea. (§ 1192.5; *People v. Holmes* (2004) 32 Cal.4th 432, 440-442.) " 'The purpose of the requirement is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged. [Citation.] Inquiry into the factual basis for the plea ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead.' " (*People v. French* (2008) 43 Cal.4th 36, 50.)

"The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges. [Citation.] It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime [citation], nor does the trial court have to be convinced of defendant's guilt." (*People v. Holmes*, *supra*, 32 Cal.4th at p. 441, fn. omitted.) Even "an accused's claim of innocence does not preclude entry of a guilty or nolo contendere plea where the court taking the plea ascertains a 'factual basis' therefor." (*In re Alvernaz* (1992) 2 Cal.4th 924, 940, fn. 9.)

"Possession of child pornography" is defined, in pertinent part, as "[e]very person who knowingly possesses or controls any matter, . . . including, but not limited to, any . . . photograph, . . . that contains or incorporates in any manner, any film or filmstrip, the

3

production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4 . . . ." (§ 311.11, subd. (a).)[3]

The preliminary hearing transcript was the factual basis of the plea. The evidence at the preliminary hearing, as summarized in our recitation of the facts, established a prima facie case of possession of child pornography by a person with a prior sex offense conviction. Defendant's contention regarding the alleged artistic nature of the photographs goes to a potential defense to the charges, which is irrelevant to the sufficiency of the factual basis of his plea.

Third, defendant claims there is insufficient evidence to support his conviction. A guilty plea admits every element of the charged offenses, waiving any right to contest the sufficiency of the evidence. (*People v. Wallace* (2004) 33 Cal.4th 738, 749; *People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785.) The claim is therefore without merit.

Defendant's fourth and final contention is that trial counsel was ineffective. He claims counsel was overburdened, leading to no more than a pro forma representation. According to defendant, trial counsel did not take sufficient time to prepare for the preliminary examination and did not utilize investigatory services to assist in providing exculpatory evidence and witnesses. Defendant concludes that a properly prepared counsel would have produced a very different result at the preliminary hearing. He

---

[3] "Sexual conduct" is defined as "any of the following, whether actual or simulated: sexual intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or lascivious sexual act as defined in Section 288, or excretory functions performed in a lewd or lascivious manner, whether or not any of the above conduct is performed alone or between members of the same or opposite sex or between humans and animals. An act is simulated when it gives the appearance of being sexual conduct." (§ 311.4, subd. (d)(1).)

4

further asserts that counsel's alleged errors caused him to go to prison for possessing photographs that were legal to possess.

The California Supreme Court has "repeatedly emphasized that a claim of ineffective assistance is more appropriately decided in a habeas corpus proceeding." (*People v. Michaels* (2002) 28 Cal.4th 486, 526.) This is particularly true where the claim of ineffective assistance is predicated on matters outside the record. Defendant's claim is predicated on matters outside the record, to wit: the existence of evidence and witnesses establishing that the photographs he possessed were not pornographic. As defendant's assertion of ineffective assistance of counsel is based on facts outside the appellate record, it is not cognizable on appeal. (See *People v. Pope* (1979) 23 Cal.3d 412, 426, overruled on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10, which was overruled on other grounds in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                    BUTZ            , J.


We concur:



    BLEASE          , Acting P. J.



    HOCH          , J.

5