[Crim. No. 14937. Third Dist. Jan. 12, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GUY LOBAUGH, Defendant and Appellant.

COUNSEL

Rodger P. Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ACKLEY, J.*—Defendant pled guilty to robbery (Pen. Code, § 211) and admitted the use of a firearm (Pen. Code, § 12022.5). He also admitted a prior serious felony conviction within the meaning of Penal Code sections 667 and 1192.7, subdivision (c), and a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).[1] He was sentenced to state prison for the middle base term of three years for the robbery, two years consecutive for the firearm use, five years consecutive for the prior serious felony conviction, and one year consecutive for the prior prison term, for a total term of eleven years. On appeal he argues: (1) the case must be remanded for resentencing; (2) the trial court abused its discretion in denying his *Marsden* motion for new counsel (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]); and (3) the trial court abused its discretion in denying his motion for continuance. We affirm.

The facts, simply put, are that on April 9, 1985, defendant, armed with a sawed-off rifle, robbed a donut shop.

I.

Defendant makes several assertions of sentencing errors. ■ First, he argues the trial court erroneously imposed the serious felony enhancement pursuant to section 667. That section, enacted as part of Proposition 8, provides for the imposition of a five-year enhancement for each prior serious felony conviction as defined in section 1192.7, subdivision (c). Defendant concedes his prior conviction for robbery falls within the purview of the enhancement. (§ 1192.7, subd. (c)(19).) However, he argues the trial court violated subdivision (b) of section 667, which precludes the application of the statute "when the punishment imposed under other provisions of law would result in a longer term of imprisonment." (*Ibid.*) He claims since without the five-year enhancement, his prison term totalled six years, other provisions of law provided a longer term of imprisonment. This contention misconstrues the language of the statute and the principles of sentencing.

■ A prisoner confined under consecutive sentences undergoes a single, continuous term of confinement, not a series of distinct, independent terms. (*In re Cowen* (1946) 27 Cal.2d 637, 643-645 [166 P.2d 279]; *People* v. *Savala* (1983) 147 Cal.App.3d 63, 67-68 [195 Cal.Rptr. 193]; see also *In re Park* (1976) 63 Cal.App.3d 963, 967-968 [134 Cal. Rptr. 170].) An aggregate prison term is one term made up of interdependent components. (*Savala,*

---

*Assigned by the Chairperson of the Judicial Council.

[1]All references to sections of an unspecified code are to the Penal Code.

*supra,* 147 Cal.App.3d at pp. 68-69.) ▮ In deciding whether section 667 applies, the court should not, as defendant argues, make an internal comparison of the component sentences. Rather, the court should determine whether the total term to be imposed, including the section 667 enhancement, is longer than that resulting from other provisions of law. If not, section 667 is inapplicable. (See § 667; Ballot Pamp. analysis of Prop. 8 by Legis. Analyst as presented to voters, Primary Elec. (June 8, 1982) pp. 54-55.) For example, section 667.7 specifically provides for a life imprisonment enhancement with no parole for 20 years (as contrasted to the 5 years under § 667, subd. (a)) in an instance where great bodily injury has been inflicted in committing the underlying offense and the prior felony is one enumerated in the section. In such instance, the "other provisions" of section 667.7 providing for the greater punishment would prevail over the lesser five-year enhancement under section 667, subdivision (a). (See also § 667, subd. (b) providing for a 10-year enhancement under specified conditions.)

Here, no other provisions of law provide for a longer term of imprisonment, and the section 667 enhancement was appropriate.

To reason as defendant urges would yield the absurd result that a defendant might properly receive the serious felony additional term of five years under section 667, subdivision (a), if the use under section 12022.5 and the prior conviction for the Health and Safety Code section 11379 felony were *not* established but he would not be subject to the more lengthy term where his greater culpability for weapon use and prior prison record were in fact proven or admitted. Under that interpretation applied to the instant case the defendant would receive a heavier sentence if his present criminal conduct was *not* aggravated by personal firearm use and his prior felony was *not* established than he would if those two grave considerations were proven or admitted. The legislative scheme under the determinate sentence law is not to mete out a greater term to a less culpable defendant and lesser term to a more culpable one.

▮ Defendant also argues the section 667 enhancement was improper because his prior robbery conviction resulted from a guilty plea. He bases this argument on the language in section 667 stating the five-year enhancement shall be imposed for each prior conviction "on charges brought and *tried separately.*" (§ 667, subd. (a), italics added.) This argument properly and persuasively was rejected in *People* v. *Flint* (1986) 180 Cal.App.3d 13, 20-21 [225 Cal. Rptr. 323]. The court in *Flint* recognized a guilty plea is a conviction and is sufficient to support a judgment that a defendant is an habitual criminal. (*Id.,* at p. 21.) The court held "[t]he purpose of the language, 'prior conviction on charges brought and tried separately' is to

disallow imposition of the statutory five-year enhancement for each of several crimes committed in one criminal escapade . . . [and] the words do *not* apply where several prior convictions 'are based on several counts of a single accusatory pleading.' " (*Id.,* at p. 20, original italics; citation omitted.) The court additionally noted that to give effect to defendant's argument would pose equal protection problems if those with prior convictions resulting from guilty pleas were exempt from section 667 whereas those with priors resulting from trial were not; therefore, section 667 was construed " 'in a manner that avoids doubt about its [constitutional] validity.' " (*Id.,* at p. 21, original brackets.) Defendant's sentence properly was enhanced pursuant to section 677.

As a second sentencing error, defendant argues the evidence was insufficient to support the imposition of the two-year firearm use enhancement. (§ 12022.5.) This contention is not cognizable on appeal.

As part of his guilty plea, defendant admitted the firearm use allegation. Admissions of enhancements are subject to the same principles as guilty pleas. (See *People v. Jackson* (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694 P.2d 736].) A guilty plea admits every element of the offense charged and is a conclusive admission of guilt. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872]; *People v. Turner* (1985) 171 Cal.App.3d 116, 125 [214 Cal.Rptr. 572].) It waives any right to raise questions about the evidence, including its sufficiency. (*Id.,* at pp. 125-126.) Thereafter, a defendant may appeal upon the issuance of a certificate of probable cause and may raise only "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; . . ." (§ 1237.5, subd. (a); *Turner, supra,* at pp. 126-127.) Defendant here did not obtain a certificate of probable cause. Even if he had, any error relating to the sufficiency of the evidence does not go to the legality of the proceeding, was waived by his guilty plea and may not be raised on appeal. (*DeVaughn, supra,* 18 Cal.3d at pp. 125-126; see also *Jackson, supra,* 37 Cal.3d at p. 836.)[2]

As a third sentencing error, defendant claims the record raises the possibility the judge based his sentence choice on his subjective belief about the length of sentence he wanted to impose; therefore, the case must be remanded for resentencing. This argument is meritless.

In the absence of aggravating or mitigating circumstances, the court is required to impose the middle term. (§ 1170, subd. (b).) The court did so here. However, defendant argues the reasons presented were confusing.

---

[2]To the extent defendant suggests the absence of a factual basis for the admission, the record shows otherwise. Prior to the entry of the plea, both defendant and his attorney stated he robbed the donut shop with a firearm.

Whether or not this is true, the court was not required to state reasons for imposing the middle term once it stated its reasons for denying probation, i.e., defendant was not eligible under section 1203.6 and defendant was on parole when he committed the instant offense. (*People* v. *Thompson* (1982) 138 Cal.App.3d 123, 127 [187 Cal.Rptr. 612]; *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10].) After imposing the middle term, the court imposed consecutive sentences for the firearm use and the prior convictions. Thus, the record shows the court rendered a sentence without any subjective influence.

We also note that at the time of his plea and again at sentencing, defendant argued in favor of the sentence he received.

## II.

Defendant further contends the trial court erroneously denied his motions for appointment of new counsel and for a continuance. These arguments are not cognizable for the same reason as his complaint about sufficiency of the evidence to support the sentence on the firearm use, i.e., any errors were waived by his guilty plea. Defendant makes no contention here that his guilty plea was not intelligently and voluntarily made. Nor does defendant urge that the advice he received from counsel was inappropriate concerning his plea resulting in the plea not being intelligently and voluntarily made. The claimed *Marsden* error does not go to the legality of the proceedings resulting in the plea. (§ 1237.5; *People* v. *DeVaughn, supra,* 18 Cal.3d at pp. 895-896; *Turner, supra,* 171 Cal.App.3d at pp. 125-126.) The defendant is thus foreclosed from raising that issue on appeal.

The same rule precludes appellate review of the alleged erroneous denial of defendant's motion for a continuance, the motion and its denial being antecedent to defendant's properly taken guilty plea. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8-9 [136 Cal.Rptr. 409, 559 P.2d 1028].)

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.

A petition for a rehearing was denied February 4, 1987, and appellant's petition for review by the Supreme Court was denied March 25, 1987.