Filed 12/12/14  P. v. Russell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIE RUSSELL,<br><br>    Defendant and Appellant. | C076441<br><br>(Super. Ct. No. 12F07088) |

Appointed counsel for defendant Willie Russell has asked that we review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has filed a supplemental brief.  Finding no merit in defendant's arguments, and no arguable error that would result in a disposition more favorable to him, we affirm the judgment but direct correction of the abstract.

1

## BACKGROUND

On or about July 3, 2012, defendant willfully inflicted corporal injury on Patricia Doe, his former cohabitant. The People charged defendant with domestic violence, resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a))[1] and knowingly violating a criminal protective order (§ 166, subd. (c)(1)). The People also alleged that defendant was previously convicted of domestic violence (§ 273.5) and assault with a deadly weapon (§ 245).

Defendant pleaded no contest to the domestic violence charge and admitted his prior conviction for assault with a deadly weapon, a strike offense. The remaining charges and allegations were dismissed in the interest of justice along with an unrelated matter. Defendant waived a referral to probation and, consistent with the plea agreement, the trial court sentenced him to four years in state prison. The court ordered defendant to pay various fines and fees and awarded him a total of 290 days of custody credit.

Defendant appeals without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. He has filed a supplemental brief raising three issues.

Defendant first contends he was "under serious medication" that "fogged [his] mind and dulled [his] senses" at the time he entered into his plea agreement. Because this contention challenges the validity of defendant's plea and he failed to secure a

---

[1] Undesignated statutory references are to the Penal Code.

2

certificate of probable cause, his claim is barred. (§ 1237.5, subd. (b); *People v. Shelton* (2006) 37 Cal.4th 759, 766; *People v. Buttram* (2003) 30 Cal.4th 773, 780-81.)

Defendant further contends his conviction should be reversed because the primary witness lied and had a history of lying. Thus, he contends "there was no evidence . . . to support assault with a deadly weapon . . . ." This claim is also barred due to the lack of a certificate of probable cause. Further, the claim is waived by defendant's no contest plea.

"A guilty plea admits every element of the offense charged and is a conclusive admission of guilt. [Citations.] It waives any right to raise questions about the evidence, including its sufficiency. [Citation.] Thereafter, a defendant may appeal upon the issuance of a certificate of probable cause and may raise only 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings . . . .' [Citations.] Defendant here did not obtain a certificate of probable cause. Even if he had, any error relating to the sufficiency of the evidence does not go to the legality of the proceeding, was waived by his guilty plea and may not be raised on appeal. [Citations.]" (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785.)

Finally, defendant contends he received ineffective assistance of trial counsel in that his lawyer misadvised him as to the victim's availability for trial. The record does not contain any information about what discussions took place between counsel and defendant regarding plea negotiations or any other part of the proceedings, nor does it indicate what issues may have been taken into consideration in reaching the decision to plead no contest; those are facts outside the record. Matters affecting the adequacy of counsel's representation that are outside the record cannot be reviewed on appeal and, as such, "[w]hen . . . the record sheds no light on why counsel acted or failed to act in the manner challenged, the reviewing court should not speculate as to counsels reasons. . . . Because the appellate record ordinarily does not show the reasons for defense counsel's actions or omissions, a claim of ineffective assistance of counsel should generally be

3

made in a petition for writ of habeas corpus, not on appeal." (*People v. Lucero* (2000) 23 Cal.4th 692, 728-729.) Accordingly, defendant's claim fails on this direct appeal.

We see two errors in the abstract of judgment. At sentencing, the trial court awarded defendant 290 days of custody credit. The trial court also ordered a restitution fine and corresponding parole revocation fine in the amount of $300. (§§ 1204, subd. (b), 1204.45.)

The abstract lists only 288 days of custody credit instead of the 290 awarded.[2] Also, the abstract reduced the amount of the $300 fines to $240. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Appellate courts may order correction of abstracts of judgment that do not accurately reflect the sentencing court's oral pronouncement. (*Ibid.*) We shall direct the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

---

[2] Defendant filed a letter, asking the trial court to correct the error. The record on appeal does not include a response from the trial court.

4

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.



     DUARTE     , J.


We concur:


     RAYE     , P. J.


     ROBIE     , J.