Filed 7/16/15  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076352 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F00125) |
| v. | |
| GRANVILLE WILLIAM SMITH, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.  However, we have identified an entry on the abstract that must be corrected.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 10, 2010, defendant Granville William Smith entered a credit union and approached teller Kelly Kulesza.  He gave her a note demanding money.  Out of fear,

1

Kulesza gave defendant money from her station. Defendant fled with the money. On January 4, 2011, defendant entered a bank and approached teller Bonnie Hall. He gave her a note demanding money and showed her the gun he had inside his jacket. Hall gave defendant money from the bank. Defendant fled the scene and was later apprehended.

A complaint deemed an information charged defendant with six counts of second degree robbery (Pen. Code, § 211--counts 1 through 6),[1] and one count of being an ex-felon in possession of a firearm (§ 12021, subd. (a)(1)--count 7). As to counts 5 and 6 it was also alleged defendant personally used a firearm. (§ 12022.53, subd. (b).) The information also alleged defendant had a prior strike conviction. (§ 1192.7, subd. (c).)

Defendant entered a plea of no contest to two counts of robbery, counts 2 and 6, admitted he had personally used a firearm, and admitted he had a prior serious felony conviction. The trial court sentenced defendant to an aggregate term of 22 years in state prison. The trial court awarded defendant 1,152 days of actual presentence custody credit, and ordered defendant to pay a $4,400 restitution fund fine (§ 1202.4), direct victim restitution of $4,400 to SAFE Credit Union, $2,383 to Big Valley Federal Credit Union, $427 to California Community Credit Union, $882 to Heritage Community Credit Union, $4,606 to First Bank, $1,494 to Kulesza, a $287.78 main jail booking fee (Gov. Code, § 29550.2), a $59.23 main jail classification fee (Gov. Code, § 29550.2), a $10 crime prevention program fine (§ 1202.5), an $80 court operation assessment fine (§ 1465.8), and a court facility fee of $60 (Gov. Code, § 70373). The remaining counts were dismissed with a *Harvey*[2] waiver.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

---

[1] Undesignated statutory references are to the Penal Code at the time of the charged offenses.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

## DISCUSSION

Defendant filed a supplemental brief requesting we "look at" counsel's repeated requests to be removed from the case, defendant's pre-plea *Marsden*[3] motion, his claim that counsel did not conduct interviews prior to trial and did not inform him of other plea deals or offers, that the restitution order was excessive, "especialy [*sic*] if cases were dropped/dismissed," and he was not given his *Boykin/Tahl*[4] rights at the time of sentencing.

As to defendant's claims regarding counsel, the *Marsden* motions and counsel's requests to be removed from the case, those claims are forfeited by his plea. (*People v. Lovings* (2004) 118 Cal.App.4th 1305; *People v. Lobaugh* (1987) 188 Cal.App.3d 780.) As to the claim regarding his *Boykin/Tahl* rights, the record reflects defendant was properly advised of his *Boykin/Tahl* rights at the time of his plea. Lastly, defendant agreed, as part of the plea that the court could consider the dismissed charges in deciding his sentence, "including the issue of restitution on those charges." Accordingly, defendant waived the complaint on appeal as to direct victim restitution for dismissed charges.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[4] *Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274] (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).

However, we have noticed entries on the abstract of judgment that must be corrected. As noted, the court orally imposed an aggregate sentence of 22 years. While the entries on the abstract correctly note the sentence orally imposed for the charges and enhancement (10 years on Count 6, 2 years on Count 2, and 10 years for the firearm enhancement), the entry for "Total Time" on the abstract is 10 years. We have also noted that the statute for the firearm enhancement is listed as "12022.52(b)PC." It should be section "12022.53(b)PC." We order correction of these entries.

## DISPOSITION

The trial court is directed to correct the abstract of judgment to reflect a total sentence of 22 years and to reflect that the firearm enhancement for which defendant was sentenced is section 12022.53, subdivision (b). The court is further directed to forward a certified copy of the corrected abstract to the California Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


                                                      MURRAY          , J.



We concur:



      RAYE            , P. J.



      HULL            , J.




4