Filed 10/26/22  P. v. Caro CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE CARO,<br><br>    Defendant and Appellant. | 2d Crim. No. B315233<br>(Super. Ct. No. BA450645)<br>(Los Angeles County) |

In 2016, appellant Jose Caro was charged with attempted murder (Pen. Code, §§ 664/187, subd. (a); count 1),[1] kidnapping to commit rape (§ 209, subd. (b)(1); count 2), assault with intent to commit a sex offense (§ 220, subd. (a)(1); count 3), assault with deadly weapons (§ 245, subd. (a)(1); counts 4 & 5), criminal threats (§ 422, subd. (a); count 6), recklessly fleeing a police car (Veh. Code, § 2800.2; count 7) and stalking (§ 646.9, subd. (a);

---

[1] All statutory references are to the Penal Code unless otherwise stated.

count 8). As to counts 1 through 3, appellant was alleged to have used deadly weapons (§ 12022, subd. (b)(1)).

After the People amended count 2 to charge simple kidnapping (§ 207, subd. (a)), appellant pled no contest to counts 1 through 6 and count 8. He also admitted use of a deadly weapon as to counts 1 and 2.

Pursuant to the parties' plea agreement, the trial court sentenced appellant to 22 years in prison. The stipulated sentence was comprised of the following: (1) as to count 1, the *upper* term of nine years, plus one year for the deadly weapon use enhancement; (2) as to count 2, one year and eight months, plus one year for the deadly weapon use enhancement; (3) as to count 3, the *upper* term of six years; (4) as to counts 4 and 5, one year each; and (5) as to counts 6 and 8, eight months each. Per the plea bargain, the trial court dismissed count 7 and the count 3 enhancement.

Appellant contends recently enacted Senate Bill No. 567 (S.B. No. 567) requires a remand because he did not admit, and the trial court did not find, that circumstances in aggravation of the offenses justified a sentence exceeding the middle term. He further contends the court erroneously denied two of his four *Marsden*[2] motions. We reject both contentions and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

For several weeks, appellant repeatedly visited the victim's workplace. To discourage appellant's attentions, the victim said she was married. Appellant wanted to know who the victim's husband was so that he could hurt him.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

On the date of the offense, appellant grabbed the victim, forced her out of her workplace, dragged her into his car, struck her knee with a hammer and bit her hand and forehead. As appellant drove, he threatened to rape and kill the victim. When he stopped, he attacked the victim, pulled her shirt down, forcibly fondled her and attempted to have sex with her.

In 2017, appellant filed two *Marsden* motions against his appointed counsel. The trial court denied both motions. Later, appellant made a *Faretta*[3] request to represent himself. The court granted that request.

Appellant surrendered his pro per status in 2019. His standby counsel, Louis Sepe, was appointed to represent him. Two years later, appellant filed two more *Marsden* motions and another *Faretta* motion. All three motions were denied.

## DISCUSSION

### *S.B. No. 567*

At the time appellant was sentenced, section 1170, subdivision (b), gave the trial courts broad discretion to decide which of the three terms specified for an offense would best serve the interests of justice. (See § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, S.B. No. 567 amended section 1170, subdivision (b) to, among other things, require imposing the middle term of imprisonment as the presumptive sentence. (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) Under the amended statute, "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order

---

[3] *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562].

3

imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  (§ 1170, subd. (b)(1).)  "A trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt.  (§ 1170, subd. (b)(1)-(2).)"  (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

The parties agree that S.B. No. 567's amendments apply retroactively as "an ameliorative change in the law applicable to all nonfinal convictions on appeal.  (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.)"  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)  They disagree, however, as to whether appellant is entitled to any sentencing relief.

The People assert that the stipulated sentence is dispositive of appellant's claim for relief under S.B. No. 567.  We agree.  Because the plea agreement included a stipulated sentence, the trial court did not exercise any discretion in sentencing and could not have done so.  Thus, there is no "sentencing choice" to be reconsidered under the new standards governing sentencing discretion.

"'Although a plea agreement does not divest the court of its inherent sentencing discretion, "a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.  [Citation.]  'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.'  [Citation.]  Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.  [Citation.]  Once the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction

4

to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' [Citation.]"'" (*People v. Blount* (2009) 175 Cal.App.4th 992, 997, quoting *People v. Segura* (2008) 44 Cal.4th 921, 931.)

This case is analogous to those involving section 1170.91, which mandates consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate triad sentencing discretion. (*People v. Pixley* (2022) 75 Cal.App.5th 1002, 1005; *People v. Brooks* (2020) 58 Cal.App.5th 1099, 1107-1109; *People v. King* (2020) 52 Cal.App.5th 783, 790-794.) After section 1170.91 was amended to add a retroactivity clause and a procedure for resentencing certain individuals, cases arose in which the petitioners seeking resentencing had originally been sentenced pursuant to plea agreements with stipulated sentences. Courts have denied section 1170.91 relief on the basis that the trial court, having approved the plea agreement, cannot impose a sentence contrary to the stipulated sentence. (See *King*, at p. 791 ["[W]hen a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation"]; accord *Brooks*, at p. 1109.)

Appellant has failed to demonstrate that his stipulated sentence is subject to the requirements of amended section 1170, subdivision (b). The trial court indicated it was sentencing appellant to the upper terms on two counts based solely on the parties' negotiated plea agreement. It did not state that it relied upon any aggravating factors when sentencing appellant.

To the contrary, appellant and the district attorney were discussing a plea "deal" on the eve of the scheduled jury trial, the

5

court informed appellant that "once the jury walks into my courtroom, [there will be] no more deal." It further advised that "[i]f the jury comes back guilty on everything, it's not going to be anything less than 30. It's going to be life, period. But [the district attorney is] willing to go less than life [i.e., 22 years]." Appellant responded, "Okay, I'll take it." Under these circumstances, appellant is not entitled to sentencing relief under S.B. No. 567. (See *King*, *supra*, 52 Cal.App.5th at p. 791.)

*Marsden Rulings*

Appellant contends the trial court abused its discretion by denying his two *Marsden* motions to replace attorney Sepe, his second appointed counsel. As the People point out, appellant waived this contention by pleading no contest.

*People v. Lobaugh* (1987) 188 Cal.App.3d 780 (*Lobaugh*) held that after the entry of a plea of guilty or no contest, a claim of *Marsden* error is waived, except where a defendant asserts that the plea was not informed and voluntary or was the product of inappropriate advice from counsel. (*Id.* at p. 786; accord *People v. Lovings* (2004) 118 Cal.App.4th 1305, 1311-1312 (*Lovings*) [defendant's *Marsden* claim was waived by no contest plea, even though he had obtained certificate of probable cause].)

Appellant acknowledges in his reply brief that a no contest plea generally waives any pre-plea *Marsden* claims. He argues that because appellant and Sepe apparently disagreed regarding the need for discovery of additional evidence, the plea was the product of inappropriate advice from counsel. (See *Lobaugh*, *supra*, 188 Cal.App.3d at p. 786.)

"A guilty plea represents ""a break in the chain of events"" in a criminal case that may preclude claims as to pre-plea rights [citation], and appellant's no contest plea [in this case] was a very

6

pronounced 'break in the chain of events' involving the attorney-client relationship . . . . The animosity and poor communications previously suggested or alleged were not in evidence at the plea hearing," where appellant's chief concern was obtaining the district attorney's agreement to a non-life sentence. (*Lovings*, *supra*, 118 Cal.App.4th at p. 1312.) Appellant achieved that goal and has failed to demonstrate a basis for reversal.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.[*]


We concur:


GILBERT, P.J.


BALTODANO, J.

---

[*] Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

BALTODANO, J., Concurring:

I concur.  At least one division of the Court of Appeal has concluded that Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) does not require the trial court find any aggravating facts to impose an upper term pursuant to a stipulated sentence.  (*People v. Mitchell* (Oct. 3, 2022, A163476) __ Cal.App.5th __ [2022 WL 4696831 at p. *4].)  Caro and the prosecutor agreed to a stipulated sentence that included high terms for two counts.  But because many criminal cases are resolved through a stipulated sentence imposed pursuant to a plea bargain (see *People v. West* (1970) 3 Cal.3d 595, 604-605), I question whether a stipulated sentence should absolve the trial court in every case from complying with the proof now required by Penal Code section 1170, subdivision (b)(2).  Scrutinizing these sentences would be consistent with the legislative intent of Senate Bill 567 to ensure that "the harshest sentences receive the greatest scrutiny and justification before they are meted out." (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 567 (2021–2022 Reg. Sess.) as amended May 20, 2021, p. 3.)

NOT TO BE PUBLISHED.


BALTODANO, J.

George G. Lomeli, Judge
Superior Court County of Los Angeles

_____

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.