Filed 11/28/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re JAMES S. KOENIG on Habeas Corpus. | C098893 |
| | (Super. Ct. No. 22HB0245) |

ORIGINAL PROCEEDING in habeas corpus. Petition denied. Cara L. Beatty, Judge.

Laura Arnold under appointment by the Court of Appeal for Petitioner James S. Koenig.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Sara J. Romano, Assistant Attorney General, Maria G. Chan and Krista L. Pollard, Deputy Attorneys General, for Respondent Department of Corrections and Rehabilitation.

James S. Koenig filed a petition for a writ of habeas corpus in the California Supreme Court, contending the Department of Corrections and Rehabilitation (Department) and the Board of Parole Hearings erroneously denied his request for nonviolent offender early parole consideration under Proposition 57, The Public Safety and Rehabilitation Act of 2016. Proposition 57 added section 32 to article I of the

1

California Constitution. It provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art. I, § 32, subd. (a)(1).)

Koenig was sentenced in July 2013 to an aggregate term of 42 years eight months in prison: (1) a 12-year principal term on one count of sale by a false statement consisting of five years plus a three-year enhancement for multiple fraudulent felonies (Pen. Code, § 186.11, subd. (a)(2)),[1] and a four-year enhancement for taking property in excess of $3.2 million (former § 12022.6, subd. (a)(4)); (2) 28 one-year consecutive subordinate terms on 28 counts of sale by a false statement; and (3) 2 one-year and four-month consecutive subordinate terms for two counts of first degree burglary (counts 14 and 33).[2] The court imposed and stayed under section 654 sentences for one count of fraudulent use of a scheme, one count of conspiracy, and two counts of sale by false statement.

Koenig contends he is eligible for early parole consideration because he has served the full term of his primary offense—as defined by Proposition 57—and also "the violent offense portion of his total sentence."

---

[1] Undesignated statutory references are to the Penal Code.

[2] "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, . . . and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, *including any term imposed for applicable specific enhancements*. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a), italics added.)

Our Supreme Court ordered the Secretary of the Department of Corrections and Rehabilitation[3] to show cause, returnable before this court, why Koenig is not entitled to relief based on his claim that he is unconstitutionally being excluded from early parole consideration under article I, section 32, subdivision (a)(1) of the California Constitution.

We conclude Koenig is not being unconstitutionally excluded from early parole consideration because he was convicted of and sentenced for violent felony offenses, and he is serving a term for these violent felonies throughout his aggregate term. The fact he has completed the full term for his primary, nonviolent offense within the meaning of Proposition 57 is insufficient to render him eligible for early parole consideration. Therefore, we will deny his petition for a writ of habeas corpus.

## I. BACKGROUND

As we previously stated, Proposition 57 provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art. I, § 32, subd. (a)(1).) Additionally, "[f]or purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, *excluding* the imposition of an enhancement, consecutive sentence, or alternative sentence." (*Id.*, subd. (a)(1)(A), italics added.) The Department is authorized to "adopt regulations in furtherance of these provisions," and the Secretary of the Department must "certify that these regulations protect and enhance public safety." (*Id.*, subd. (b).) In *In re Mohammad* (2022) 12 Cal.5th 518, our Supreme Court concluded the Department acted within this authority when it adopted California Code of Regulations,

---

[3] Respondent Secretary of the Department of Corrections and Rehabilitation filed a return asserting the proper respondent is the Warden of San Quentin State Prison. (§ 1477.)

title 15, section 3490, former subdivision (a)(5),[4] which prohibited early parole consideration for inmates " 'currently serving a term of incarceration for a "violent felony." ' " (*In re Mohammad, supra*, at p. 524.)  The regulations provide that only "[a] determinately-sentenced nonviolent offender, as defined in subsections 3490(a) and 3490(b), shall be eligible for parole consideration by the Board of Parole Hearings." (Cal. Code Regs., § 3491, subd. (a).)  At the time *In re Mohammed* was decided, California Code of Regulations section 3490, subdivision (a)(5) defined " 'a determinately-sentenced nonviolent offender' as an inmate who is *not*, among other things, 'currently serving a term of incarceration for a "violent felony." ' " (*In re Mohammed, supra*, at p. 528, quoting Cal. Code Regs., § 3490, former subd. (a)(5).)[5] The Department subsequently amended this provision to define an eligible inmate as one who is "sentenced to a determinate term and none of the following are true:  [¶] . . . [¶] (5) The inmate is currently convicted of and is sentenced to a term of incarceration for a 'violent felony,' including a term for which a violent felony sentence was stayed under . . . section 654." (Cal. Code Regs., § 3490, subd. (a)(5).)[6]  The regulations have always

---

[4]  Further undesignated references to the California Code of Regulations are to title 15 unless otherwise noted.

[5]  The petitioner in *In re Mohammad, supra*, 12 Cal.5th 518 did not contest the Department's determination that he was currently serving a term of incarceration for a violent felony.  (*Id.* at p. 541.)  His only argument was "that he should be entitled to early parole consideration because he is a 'mixed-offense prisoner whose nonviolent felony offense is his primary offense and whose violent offenses are secondary ones that run consecutive and subordinate to that primary and principal offense.' " (*Ibid.*)

[6]  In his traverse, Koenig relies entirely on the definition of "determinately-sentenced nonviolent offender" in California Code of Regulations section 2449.1, but that definition only applies "[f]or the purposes of this article," and the relevant article never uses the term.  Thus, it appears California Code of Regulations section 2449.1 has no relevance to Koenig's petition.  Even if it did, it would not alter our analysis because the language mirrors former California Code of Regulations section 3490.

provided that a " '[v]iolent felony' is a crime or enhancement as defined in subdivision (c) of Section 667.5." (Cal. Code Regs., § 3490, subd. (c).) The parties agree Koenig's convictions for first degree burglary (counts 14 and 33) are violent felony offenses. The new provision regarding stayed sentences is not at issue here.

In July 2017, Koenig was referred by the Department of Corrections and Rehabilitation to the Board of Parole Hearings for parole review and possible release. The Board of Parole Hearings determined it did not have jurisdiction because Koenig was currently serving a prison term for violent offenses, specifically two counts of first degree burglary. The Department has subsequently reached the same conclusion and refused Koenig's requests for referral to the Board of Parole Hearings for early parole consideration.

After our Supreme Court issued *In re Mohammad, supra*, 12 Cal.5th 518, the trial court and this court denied petitions for a writ of a habeas corpus filed by Koenig.

In his current petition for a writ of habeas corpus, Koenig asserts he is entitled to early parole consideration under Proposition 57 because he completed his full term of five years for his primary offense, and the terms of his violent offenses, and "is currently serving the balance of his nonviolent consecutive and enhancement terms of his imprisonment."

## II. DISCUSSION

Our task is to determine whether Koenig is being unconstitutionally excluded from early parole consideration under section 32, subdivision (a)(1), of article I of the California Constitution. This question has two interrelated components. One, we must determine whether the regulations at issue exclude Koenig from early parole consideration. Two, we must determine whether these regulations are permissible under Proposition 57. As we will explain, our Supreme Court has effectively already answered the questions before us.

5

The relevant regulations exclude Koenig from early parole consideration because they apply to inmates currently sentenced to and serving prison terms for a violent felony. Prior to Proposition 57, it was settled that an inmate is currently serving a prison term for a violent felony if it is part of the inmate's aggregate sentence. Thus, both the current and former versions of California Code of Regulations section 3490 render Koenig ineligible for early parole consideration. As our Supreme Court explained in the context of construing section 2933.1 regarding limitations on worktime credit for "any person who is convicted of a felony offense," "[u]nder the Determinate Sentencing Act (§ 1170 et seq.), multiple consecutive determinate terms must be combined into a single, 'aggregate term of imprisonment for all [such] convictions' (§ 1170.1, subd. (a)) that merges all terms to be served consecutively . . . . To suggest that a prisoner serving an aggregate term serves the component terms and enhancements in any particular sequence would be a meaningless abstraction. For this reason, when an aggregate term includes time for a violent offense, at any point during that term the prisoner literally 'is convicted of a [violent] felony offense' (§ 2933.1[, subd. ](a)) *and actually is serving time for that offense*. Accordingly, a restriction on credits applicable to 'any person who is convicted of a [violent] felony offense' (*ibid.*) logically applies *throughout the aggregate term*." (*In re Reeves* (2005) 35 Cal.4th 765, 773, italics added.) Koenig's assertion that he has served "the violent offense portion of his total sentence" is therefore incorrect. "A prisoner confined under consecutive sentences undergoes a single, continuous term of confinement, not a series of distinct, independent terms." (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 783.) Under the applicable regulations and relevant case law, Koenig is not a nonviolent offender entitled to early parole consideration. We now turn to the question of whether the applicable regulations are permissible under Proposition 57.

In deciding the validity of a regulation, "we ask whether the regulation is ' "consistent and not in conflict with" ' the constitutional provision that authorizes it [citations] and whether the regulation is reasonably necessary to effectuate the purpose of

6

the authorizing law [citations]. Our task ' " 'is to decide whether the [agency] reasonably interpreted the legislative mandate.' [Citation.]" ' [Citations.] In doing so, we presume the validity of the regulation [citation]; the burden lies with the party challenging the regulation to show its invalidity." (*In re Mohammad, supra*, 12 Cal.5th at p. 529, fn. omitted.)

"Our 'primary concern' in construing a constitutional provision enacted through voter initiative is 'giving effect to the intended purpose of the provisions at issue' [citation] by applying 'the same principles that govern statutory construction' [citations]. In doing so, we look to the text of the constitutional provision at issue and, as appropriate, extrinsic sources such as an initiative's ballot materials. [Citation.] Although we are obligated to strike down regulations that alter or amend the constitutional provision or its scope [citations], our role is not to examine the wisdom of the regulations but their legality." (*In re Mohammad, supra*, 12 Cal.5th at pp. 529-530.)

In *In re Mohammad, supra*, 12 Cal.5th 518, our Supreme Court concluded Proposition 57 "does not expressly address whether inmates with nonviolent felony convictions who are currently serving a prison term for a violent felony are eligible for early parole consideration." (*In re Mohammad, supra*, at p. 531; see also *id*. at p. 539.) The court also determined the ballot materials presented to the voters did not "explicitly state[] whether an inmate currently serving a term for a violent felony would be eligible for parole consideration under the initiative." (*Id.* at p. 537.) As the court explained, "Although the ballot materials do not directly answer the question, they conveyed to the voters that Proposition 57 would establish 'parole consideration for nonviolent offenders' (Voter Information Guide, Gen. Elec. [(Nov. 8, 2016)], analysis of Prop. 57 by Legis. Analyst, p. 56, capitalization omitted) and would not authorize early parole consideration for 'violent offenders' (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 57, p. 59)." (*Ibid*.) In so doing, "the ballot materials focus on the distinction between inmates convicted of violent felonies and inmates convicted of

7

nonviolent felonies." (*Ibid.*) The fact proponents emphasized Proposition 57 "[d]oes NOT authorize parole for violent offenders" and "[v]iolent criminals as defined in [section] 667.5[, subd. ](c) are excluded from parole" lends support to the notion that voters intended so-called mixed offenders to be excluded from early parole consideration. (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 57, p. 59.) The current and former versions of California Code of Regulations section 3490 are valid because they are consistent and not in conflict with Proposition 57 and reasonably necessary to effectuate the purpose of Proposition 57 because the regulations explain how to treat so-called mixed-offense inmates in a way that is consistent with the voter's intent and previously established law. (See *In re Mohammad, supra*, at p. 538 [concluding California Code of Regulations section 3490, subdivision (a)(5) " 'reasonably interpreted' the Department's mandate to adopt regulations [citation], is consistent with the constitutional language and ballot materials, and is 'reasonably necessary to effectuate the purpose' of Proposition 57"].) Another Court of Appeal also reached this conclusion recently in *In re Hicks* (Nov. 17, 2023, B319925) __ Cal.App.5th __ [2023 Cal. App. LEXIS 887, 2023 WL 7983721].)

Koenig's petition relies largely on the concurring opinion in *In re Mohammad, supra*, 12 Cal.5th 518, joined by Justice Kruger, in which Justice Liu explained that the majority's holding left open questions "concerning what it means for an inmate with both violent and nonviolent felony convictions to be 'currently serving a term of incarceration for a "violent felony." ' " (*In re Mohammad, supra*, at p. 542 (conc. opn. of Liu, J.).) Justice Liu quoted from *In re Reeves, supra*, 35 Cal.4th 765, before explaining, "The Department seems to contemplate that the merger of consecutive terms into a single aggregate term means that an inmate serving a consecutive sentence for violent and nonviolent felony convictions is 'currently serving a term of incarceration for a "violent felony" ' (Cal. Code Regs., tit. 15, § 3490, [former] subd. (a)(5)) throughout the entire duration of the consecutive sentence. [¶] But there is some tension between the

Department's view and Proposition's 57's definition of 'primary offense' to mean 'the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, *consecutive sentence*, or alternative sentence.' ([Cal. Const., a]rt. I, § 32[, subd. ](a)(1)(A), italics added.) As Justice Robie explained in *In re Douglas* (2021) 62 Cal.App.5th 726 [276 Cal.Rptr.3d 866], review granted June 16, 2021, S268570, this language seems to 'require[ ] us to break an inmate's sentence into its component parts,' notwithstanding the merger rule, in order to determine what term the inmate is currently serving at the time he or she seeks early parole consideration." (*In re Mohammad, supra*, at pp. 542-543 (conc. opn. of Liu, J.).)

The difficulty with relying on this "tension" is that, as we have explained, at the time of the passage of Proposition 57, a person was considered a violent offender throughout an aggregate term. " 'We cannot presume that . . . the voters intended the initiative to effect a change in law that was not expressed or strongly implied in either the text of the initiative or the analyses and arguments in the official ballot pamphlet.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 364.) Furthermore, whatever "tension" exists, Proposition 57 does not require the adoption of a regulation that breaks an inmate's sentence into component parts to determine whether an inmate is eligible for early parole consideration at all as a "person convicted of a nonviolent felony offense." As such, the Department was not required to do so. We agree with the People that article I, section 32, subdivision (a)(1) of the California Constitution defines both *who* is eligible for early parole consideration ("Any person convicted of a nonviolent felony offense") and *when* the eligible person receives parole consideration ("after completing the full term for his or her primary offense"). For purposes of establishing *when* a person is eligible for early parole consideration, we are apparently to treat the longest base term as being completed before the time for any other count or enhancement or alternative sentence (or at least use the length of that term for purposes of deciding when a person is eligible), but Proposition 57 says nothing about when or whether we should treat any other term as

9

being completed or in what order. Nor does Proposition 57 say anything generally about *who* should be considered convicted of a nonviolent felony. As such, it does not replace the existing law on these issues or prevent the Department from regulating in this area.

Koenig is not entitled to early parole consideration under article I, section 32, subdivision (a)(1) of the California Constitution.

### III.  DISPOSITION

The petition for writ of habeas corpus is denied.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.