Filed 5/6/16  P. v. Miller CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>XAVIER ANDREWS MILLER,<br><br>    Defendant and Appellant. | A146476<br><br>(Contra Costa County<br>Super. Ct. No. 51407717) |

Defendant Xavier Andrews Miller appeals from a judgment and sentence entered on his plea of no contest to a felony charge for first degree residential burglary, with enhancements, and illegal possession of a firearm by a felon.  His court-appointed attorney has filed a brief raising no issues and asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Miller was advised of his right to file a supplemental brief by his attorney.  No supplemental brief has been filed.  This court has reviewed the entire record and found no arguable issue requiring further briefing.

**PROCEEDINGS BELOW**

On April 7, 2014, Miller and three co-defendants were charged by indictment with multiple counts arising from a residential burglary committed on January 1, 2014.  Miller also was charged with two counts of illegal possession of a firearm (by a felon, and by a probationer), for another incident occurring several months after the burglary.  Before trial, he moved unsuccessfully to set aside the indictment.  He also moved to sever the firearms counts for trial, and a ruling was deferred until assignment of a trial judge.

1

Thereafter, while awaiting trial, Miller completed a "Felony Advisement of Rights, Waiver and Plea Form" and entered into a plea agreement calling for a 10-year prison term. He entered a no contest plea to count two, first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a)), and in connection with that count also admitted a criminal street gang enhancement (*id.*, § 186.22, subd. (b)(1)) and an allegation that another person was present in the residence during the commission of the burglary (*id.*, § 667.5, subd. (c)(21)). He entered a no contest plea to an amended count 11, assault by means of force likely to produce great bodily injury (*id.*, § 245, subd. (a)(4)). And he entered a no contest plea to count eight, felon in possession of a firearm (*id.*, § 29800(a)(1)). The court canvassed Miller orally, accepted his plea, imposed the agreed upon 10-year sentence and dismissed the remaining counts and enhancements. It also terminated two open probation violation files.

*Miller's sentence.* The court imposed a midterm, four-year prison sentence for count two, the first degree residential burglary, with a consecutive five-year term for the criminal street gang enhancement. It imposed a consecutive sentence of one year for the assault charge, count 11, which was one-third the midterm. And it imposed a concurrent, two-year sentence for the felon in possession of a firearm offense, count eight. Miller received 604 days of presentence custody credits, consisting of 526 actual days and 78 conduct credits. The court imposed a $300 restitution fine (Pen. Code, § 1202.4), and assessed a $120 court operation fee and a $90 criminal conviction fee. It also imposed a suspended $300 parole revocation fine (*id.*, § 1202.44).

Timely notice of appeal was filed on October 5, 2015.

Miller did not obtain a certificate of probable cause. The notice of appeal he filed on October 5, 2015, states it is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. However, in an attachment to the notice of appeal, Miller filled out a portion of the judicial council form requesting a certificate of probable cause. (Pen. Code, § 1237.5, subd. (b); Cal. Rules of Ct., rule 8.304, subd. (b).) The trial court neither granted nor denied his request for one.

**FACTS**

Our summary of the facts is taken from the transcript of the grand jury proceedings.

On January 1, 2014, four masked individuals slipped into a home in Brentwood undetected, under the noses of a mother and her oldest son who were downstairs in the living room watching television with their backs turned, while her two younger teenage sons were in an upstairs bedroom behind closed doors playing video games with two of their friends. Three of the masked assailants made it upstairs unnoticed and broke into the locked, upstairs bedroom by force. One of them, later identified as Miller, kicked down the bedroom door. Two of his accomplices then followed behind, one brandishing a gun. Miller threw one of the brothers onto the bed, face-down, and tried tying his hands with zip ties. Miller's unarmed accomplice began zip-tying the other brother's hands. One of the brothers' friends, meanwhile, recognized the masked assailant who was carrying the gun and called him out by name. Miller reacted by attacking the friend, pulling the chair out from under him, punching him in the face and stomping on his head. The brothers managed to break free of the zip ties and began fighting with their assailants, and one screamed for their mother to call the police. Miller and his two accomplices fled the bedroom, and ran downstairs and out of the house into a waiting car. The fourth accomplice, meanwhile, had been hiding downstairs in a closet. He emerged while the upstairs commotion was underway, was put in a chokehold by the eldest brother and passed out, but was retrieved by his accomplices when they returned to the house and dragged him into the car before fleeing together in the vehicle. All four were identified by their victims, and Miller's three accomplices were immediately apprehended. Miller, a convicted felon, could not be found at first but was arrested some months later when stopped by police in his car and discovered to be carrying a gun.

All four accomplices had ties to the Bully Boys Gang, a subset of the Norteño criminal street gang. One was a known gang member, Miller and another accomplice were at least associates of the gang if not full-fledged members, and the fourth was at least an associate.

## DISCUSSION

It is unnecessary to decide the legal consequences of the trial court's failure to rule on Miller's request for a certificate of probable cause. The only ground identified in his request that conceivably required one is his contention that "[t]he Gang Enhancement was illegally imposed as no facts to prove that petitioner was ever involve [*sic*] with any street gang." But the trial court was not required to issue a certificate of probable cause for that claim of error (or, put another way, its failure to rule on Miller's request was harmless), because it does not present an arguable issue on appeal. Miller admitted the gang enhancement as a part of a plea bargain, and so he has waived any appellate challenge to the sufficiency of a factual basis for it. (See *People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785, *criticized on another ground*, *People v. Maultsby* (2012) 53 Cal.4th 296, 302.) Even if the request were construed as an argument that would be cognizable on appeal—namely, as a challenge to the *procedure* by which the trial court determined the existence of a factual basis under Penal Code section 1192.5 (see *People v. Palmer* (2013) 58 Cal.4th 110, 114–115)—that claim would fail too. The court satisfied its duty under section 1192.5 by accepting counsel's stipulation that a factual basis exists, because the record shows Miller discussed the elements of the charges against him with his lawyer and any possible defenses, and was satisfied with counsel's advice.[1] (See *Palmer*, at p. 118.)

Our review of the remainder of the record discloses no arguable issues that require further briefing. The sentence imposed is authorized by law and conforms to the terms of the plea agreement. Nothing in the record suggests appellant may not be competent to

---

[1] Miller affirmed in the written plea "Felony Advisement of Rights, Waiver and Plea Form" he signed that "I have discussed the contents of police reports and investigative reports with my attorney. I am satisfied that I know the evidence that could be used against me in trial, as well as any possible defenses to these charges," and "I believe and agree that a judge or jury who heard the evidence against me could find me guilty of the charges to which I ams pleading guilty/no contest." Miller furthermore confirmed orally on the record that he had read and understood the form, and had his lawyer available to answer any of his questions.

stand trial.  And appellant was admonished in accordance with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122.

## DISPOSITION

The judgment and sentence imposed are affirmed.

_____

STEWART, J.

We concur.

_____

RICHMAN, Acting P.J.

_____

MILLER, J.